## BOYCE v. BRADY.

CONTRACT.—*Breach.—Pleading.—Partnership.*—In an action for damages for a breach of contract, the complaint alleged, that, at a certain date, the plaintiff and the defendant had executed a written contract, by the terms of which the defendant was to furnish all the buildings, machinery, power and capital, and the plaintiff was to perform all the labor necessary for manufacturing all the raw material of a certain kind, which could be purchased at a certain place by the plaintiff, at a price not exceeding the ruling market price at a certain other place; that such contract should terminate at a specified time; that the defendant should make all sales of the manufactured article, and collect the pay therefor; and that he should pay to the plaintiff, as compensation for his services, a certain proportion of the net profits which should be realized.

The several paragraphs alleged severally as breaches, that, though the plaintiff had fully performed, and was still ready to perform, his part of the contract, the defendant had, prior to the expiration of the contract, failed and refused to furnish the power necessary to carry on the manufacture of such raw material, of which a large quantity remained on hand; that, prior to such time, the power had become entirely insufficient, of which the defendant had notice, but which he failed to rectify, though a large quantity of raw material remained on hand, not manufactured; that the defendant had failed to provide adequate machinery, buildings and power; and that the defendant had failed and refused to furnish the capital necessary for carrying on the business and purchasing all of such raw material, though the same could have been purchased at the price specified.

*Held,* on demurrer, that such breaches were well assigned.

*Held,* also, that the parties to the contract did not thereby become partners.

SAME.—*Evidence.—Measure of Damages.*—It was competent for the defendant in such action to introduce evidence of the value of the manufactured article at the place where it was manufactured, during the existence of such contract, in order to ascertain the net profits.

PRACTICE.—*Demurrer.—Motion to Make Pleading Certain.*—Where a substan-

tially good cause of action is indefinitely stated in a pleading the defect can be reached, not by demurrer, but by a motion to make certain.

From the Delaware Circuit Court.

*C. E. Shipley* and *W. March*, for appellant.

*J. S. Buckles* and *J. W. Ryan*, for appellee.

WORDEN, J.—The parties to this action entered into the following contract:

" This agreement witnesseth: that James Boyce, of Muncie, Ind., of the first part, and Jasper P. Brady, of Mt. Summit, Henry county, Indiana, of the second part, have entered into the following agreement, to wit:

" The said party of the first part is to furnish a suitable building, power and machinery, in or near the town of Mt. Summit, aforesaid, for the purpose of carrying on and manufacturing flax tow, and to furnish all the capital necessary to carry on said business, to the extent of working up all the flax straw that may be bought at said town of Mt. Summit by the party of the second part, at a price per ton of raw flax not greater than the same sells for at the time, at Muncie, Indiana. The said party of the first part is also to make all sales, and receive all the money and proceeds of sales of tow, and keep an accurate account of the same.

" The said party of the second part agrees to do all the work necessary in manufacturing tow, to furnish the help of his son Joseph K. Brady, and devote his and his son's entire time and attention to said business; for and in consideration of which services said party of the first part agrees to pay said party of the second part one-third of the net profits after all the stock, labor and expenses have been deducted.

" The party of the second part agrees not to demand, or draw from the profits of the aforesaid manufacture, to exceed the sum of fifty dollars per month, until July 12th, 1873, at which time said party of the first part agrees to

pay said party of the second part all the balance then remaining due and owing to said party of the second part, and at which time this article shall expire.

"It is agreed that this article shall take effect from July 12th, 1871. In Witness," etc.

This action was brought by Brady, against Boyce.

There were five paragraphs in the complaint, all of which, except the fourth, were founded upon the contract above set out.

There was a demurrer to each paragraph, for want of sufficient facts, which was overruled, and exception taken.

Issue; trial by jury; verdict and judgment for the plaintiff.

The errors assigned call in question the correctness of the ruling upon the demurrers, and in overruling a motion for a new trial.

The fourth paragraph was the common count for work and labor, and the demurrer to this was correctly overruled.

The first paragraph alleged, by way of breach of the contract on the part of the defendant, "That said plaintiff commenced operations under said contract on the 12th day of July, 1871, and continued thereat, and performed in all things his part of said contract, until the 17th day of November, 1872, and was then ready and willing to perform all his part of said contract to be performed thereafter, and that said defendant failed to furnish power to run the machinery of said mill, from the 12th day of ———, 1872, to the 19th day of November, 1872, and said mill did not run, nor was any material worked up at said mill, after the time aforesaid, to wit, the 19th day of November, 1872; that there has been at all times since the execution of said contract a quantity of flax straw at said mill to work it up to its fullest capacity; that said plaintiff's per cent. or interest in the profits of said business for the months said mill

Boyce *v.* Brady.

was kept in operation was about $150 per month, and would have been equally that sum for the time said mill has been unemployed; and that by reason of said failure to furnish sufficient or proper power in said mill by the defendant, said plaintiff has been unable, since the 1st day of May, 1872, to operate the same, to his great damage, to wit, $2,000."

The second paragraph alleged, by way of breach, " That, pursuant to said contract, the plaintiff moved with his son to said town of Mt. Summit, and commenced the purchase " [of flax straw?] " and manufacture of tow for defendant, according to said contract, and continued so buying and working until the 1st day of May, 1872, when the power in said mill became inadequate to the demands of the business, and failing entirely on said last named day, of which the defendant was duly notified; and the plaintiff says, that, from that time until the 19th day of November, 1872, he has been ready, willing and anxious to go on in said business under said contract, yet said defendant failed entirely and refused to furnish the means necessary to the conversion of said straw into tow, although there was and has been at all times since the 12th day of July, 1871, until now, a quantity of flax straw in the yard of said mill, and belonging to said defendant, largely in excess of the working capacity of the same; yet the defendant has failed and refused to furnish the necessary power and machinery to its manufacture, thereby depriving the plaintiff of the profits he could and would have realized out of said business, had defendant complied with said contract; that, by reason of said defendant's failures as aforesaid, said plaintiff has been damaged in the sum of $2,000."

The breach alleged in the third paragraph was as follows : " That, pursuant to said contract and agreement, the plaintiff went to said point of Mt. Summit, ready and willing to proceed in good faith to the fulfilment and carrying out of said contract, and did, pursuant thereto

purchase a large quantity of flax straw, to wit, —— tons, at prices satisfactory to the defendant, and was ready, and has been at all times since ready, to go on in the manufacture thereof; but that said defendant has wholly failed and refused, and still fails and refuses, to provide suitable and adequate machinery, buildings or power to work up the aforesaid material on hand, or purchased by plaintiff, and has, since May 2d, 1872, failed and refused to purchase, or furnish means to plaintiff to purchase, large quantities of straw in that locality for sale; and that, if defendant had performed said contract in its conditions, the plaintiff could, by virtue thereof, have made large sums of money; but, on the contrary, the defendant failed wholly in said contract, whereby the plaintiff is damaged $2,000."

The breach alleged in the fifth paragraph was as follows :

"The plaintiff further avers, that he entered upon the discharge of his duties and obligations under said contract, according to the terms thereof, and in all things, on his part, performed said contract faithfully, so far as he was able to do in consequence of the failures of the defendant hereafter stated : But that the defendant failed and refused to perform his part of said contract, in this, that he refused to furnish the necessary funds to carry on said business; that he failed and refused to furnish the necessary funds to buy all the flax straw that could have been bought at said Mt. Summit at the same price the same was selling for in Muncie; that he failed and refused to furnish the necessary building, machinery and power necessary and competent to work up all the flax straw into tow, that could be, or might have been, bought by the plaintiff at said Mt. Summit; that he failed and refused to keep correct accounts of the sales and pay over to plaintiff at least $50 per month from and after the 12th day of July, 1871; that he failed and refused to al-

low the plaintiff to proceed with the manufacture of said tow, and in all of the aforesaid failures and refusals, the defendant still continues to fail and refuse, as herein above charged, to the damage of the plaintiff of $3,000. Wherefore," etc.

Some of the objections urged to the several paragraphs based on the contract set out are made on the theory that the contract makes the parties thereto partners. We do not think that the contract made the parties partners.

Brady was to have one-third of the net profits of the business as compensation for his and his son's services. This, as we construe the contract, means nothing more than that Brady was to have a sum equal to one-third of the net profits, for such compensation.

Brady had no lien on the profits as against the creditors of Boyce, and clearly was not a partner, according to the case of *Keiser* v. *The State*, 58 Ind. 379, and authorities there cited.

We are of opinion, that each of the paragraphs on the special contract was good on demurrer. Each alleged performance, and a willingness and readiness to perform, on the part of the plaintiff, and a failure to perform on the part of the defendant, stating the particulars in which the failure consisted, whereby the plaintiff was damaged. Some of the paragraphs may have been to some extent indefinite and uncertain, but uncertainty in a complaint, where there is substantially a good cause of action stated, is no ground for demurrer.

There was no error in the ruling on the demurrers.

We come to the motion for a new trial.

We have not examined all the grounds upon which a new trial was asked.

There was one upon which we think it should have been granted, and we need not consider the others.

The defendant, at the proper time, offered to prove the value of tow per ton, at Mount Summit, from the 12th day of July, 1872, to the 12th day of July, 1873, but the

evidence was objected to by the plaintiff and excluded by the court. In this we think the court erred.

The chief ground of complaint in the paragraphs upon the special contract was, that the defendant had failed to perform the contract, whereby the plaintiff was prevented from realizing the profits that he would have made if the defendant had performed the contract on his part.

The value of the manufactured tow, it seems to us, was a factor that entered into the estimation of the plaintiff's damages. The plaintiff himself gave evidence touching the cost of manufacturing the tow from the flax straw. The net profits, it seems to us, would be the value of the tow, less the cost of the raw material and the cost of manufacturing.

Now, the plaintiff was not entitled to any more damages than one-third of the profits that might have been made during the time provided for by the contract, if the same had been duly performed by the defendant; and in estimating those damages, it seems to us to have been quite proper to ascertain the cost of the raw material, the expense of manufacturing, and the value of the manufactured article, in order to ascertain how much the profits would have been.

The judgment below is reversed, with costs, and the cause is remanded for a new trial.